UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID DECKLER,<br>      Plaintiff,<br><br>V.<br><br>TARGET CORPORATION and<br>CLIFFORD OLANDER,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    OCTOBER 23, 2012 |

## COMPLAINT

### NATURE OF THE ACTION

1. The Plaintiff, David Deckler, brings this action against the Defendants, Target Corporation and Clifford Olander. This action arises out of the negligence and recklessness of the Defendants.

### THE PARTIES

2. The Plaintiff, David Deckler, is an individual who is a citizen of the State of Connecticut with a principal residence in the Town of Wallingford, Connecticut.

3. The Defendant, Target Corporation, is a corporation incorporated under the laws of the State of Minnesota with a principal place of business in the City of Minneapolis, Minnesota.

1

4. The Defendant, Clifford Olander, is an individual who is a citizen of the State of Minnesota with a principal residence in the City of Minneapolis.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because the motor vehicle accident giving rise to this claim occurred in this District.

## FIRST CAUSE OF ACTION
## NEGLIGENCE AS TO TARGET CORPORATION AND CLIFFORD OLANDER

7. On or about October 27, 2010, the Plaintiff, David Deckler, was the operator of a motor vehicle travelling on Flanders Road in East Lyme, Connecticut, approaching the intersection of Flanders Road and Industrial Park Road/Chapman Woods Road.

8. At the same time and place, the Defendant, Clifford Olander, was the operator of a motor vehicle traveling on Flanders Road in East Lyme, Connecticut, near the intersection of Flanders Road and Industrial Park Road/Chapman Woods Road.

2

9. At the same time and place, the Defendant, Clifford Olander, suddenly and without warning initiated a left turn onto Chapman Woods Road, directly into the path of the Plaintiff's motor vehicle.

10. At all times mentioned herein, the Defendant, Clifford Olander, was an agent, servant and/or employee of the Defendant, Target Corporation, and was operating said motor vehicle within the scope and course of his employment with said Defendant.

11. The aforesaid collision, and the resulting injuries and damages to the Plaintiff were caused by the negligence, carelessness and statutory violations of the Defendant, Clifford Olander, in one or more of the following respects, in that he:

   a. Violated Section 14-242(e) of the Connecticut General Statutes by failing to yield the right-of-way and slow or stop his motor vehicle so as to yield the right of way to the Plaintiff while the Plaintiff was approaching from the opposite direction;

   b. Violated Section 14-242(a) of the Connecticut General Statutes by failing to give an appropriate signal of his intention to turn when the same was reasonable under the circumstances;

   c. Violated Section 14-244 of the Connecticut General Statutes by failing to properly signal his intention to make a left hand turn;

   d. Violated Section 14-299 of the Connecticut General Statutes by failing to stop in obedience to a stop light controlling traffic;

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

e.   Violated Section 14-245 of the Connecticut General Statutes by failing to grant the right of way at an intersection;

f.   Violated Section 14-80(e) of the Connecticut General Statutes by failing to equip or maintain his motor vehicle with an adequate horn;

g.   Violated Section 14-80h of the Connecticut General Statutes by operating his motor vehicle with defective or inadequate brakes;

h.   Violated Section 14-98a of the Connecticut General Statutes by operating his motor vehicle without proper or sufficient tires when the same were reasonably necessary under the circumstances;

i.   Violated Section 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable speed having no regard for the traffic conditions then and there existing;

j.   Violated Section 14-240(b) of the Connecticut General Statutes by operating his motor vehicle in such proximity to another vehicle as to obstruct or impede traffic;

k.   Violated Section 14-296aa of the Connecticut General Statutes by operating an electronic device while operating a motor vehicle;

l.   Failed to keep an adequate and proper lookout for traffic on the roadway;

m.   Was inattentive to his driving;

n.   Failed to stop at a traffic light signal;

o.   Failed to equip or maintain his motor vehicle with an adequate horn;

p.   Failed to sound horn or otherwise warn of his impending approach;

4

q. Failed to operate said motor vehicle at a reasonable rate of speed;

r. Failed to look before turning left;

s. Made an unsafe turn;

t. Failed to yield the right of way to the Plaintiff's motor vehicle;

u. Failed to have and keep his motor vehicle under reasonable and proper control;

v. Failed to make proper use of his faculties and senses so as to avoid the aforesaid incident;

w. Failed to turn or stop his motor vehicle so as to avoid colliding with the Plaintiff's vehicle;

x. Failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the probability of harm to the Plaintiff;

y. Operated his motor vehicle with brakes that were inadequate to control its movement; and

z. Failed to apply his brakes in a timely manner, or otherwise turn his motor vehicle so as to avoid the aforesaid collision.

12. As a result of the negligence, carelessness and statutory violations of Defendant, Clifford Olander, the Plaintiff was severely injured in the resulting collision. The Plaintiff's injuries include, but are not limited to, injuries to his back, neck, right

5

knee, left thigh and chest, as well as vertigo.  The Plaintiff was caused to undergo an extensive course of medical treatment for his injuries including, but not limited to, diagnostic testing, including CT Scans, was prescribed pain medications, and was required to undergo chiropractic treatment.  Furthermore, the aforesaid injuries exacerbated his pre-existing medical conditions.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in or limited in his participation in many activities in which he previously engaged.

13. As a further result of the negligence, carelessness and statutory violations of the Defendant, Clifford Olander, the Plaintiff was required to spend various sums of money for medical care, treatment, x-rays, CT scans, prescription medications, and devices necessitated by said injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

14. As a further result of the negligence, carelessness and statutory violations of the Defendant, Clifford Olander, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in

6

the future along with accompanying anxiety and fear concerning the future in that regard.

15.  As a further result of the negligence, carelessness and statutory violations of the Defendant, Clifford Olander, the Plaintiff's motor vehicle sustained severe damage all to his great loss and expense.

16.  As a further result of said collision and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

## SECOND CAUSE OF ACTION
## RECKLESSNESS AS TO TARGET CORPORATION AND CLIFFORD OLANDER PURSUANT TO CONNECTICUT GENERAL STATUTES SECTION 14-295

17-20. Paragraphs Seven (7) through Ten (10) are incorporated and hereby made Paragraphs Seventeen (17) through Twenty (20) of this the Second Cause of Action as if more specifically set forth herein.

21.  Said collision and the resulting injuries and the damages of the Plaintiff were caused by the reckless and wanton conduct and statutory violations of the Defendant, Clifford Olander, in one or more of the following respects, in that he:

    a.  Violated Section 14-222 of the Connecticut General Statutes by operating his motor vehicle upon a public roadway recklessly, without having regard

7

to the width, traffic and use of said highway; and

b. Violated Section 14-218a of the Connecticut General Statutes by operating his motor vehicle at an unreasonable rate of speed given the width, traffic, weather conditions, and use of the roadway and intersection then and there existing.

22. By operating his motor vehicle recklessly, the Defendant, Clifford Olander, chose a course of action which he knew or should have known posed a serious danger to the Plaintiff and others, and such conduct was a substantial factor in causing the collision and resulting injuries.

23. As a direct result of the reckless conduct and statutory violations of the Defendant, Clifford Olander, the Plaintiff was severely injured in the resulting collision. The Plaintiff's injuries include, but are not limited to, injuries to his back, neck, right knee, left thigh and chest, as well as vertigo. The Plaintiff was caused to undergo an extensive course of medical treatment for his injuries including, but not limited to, diagnostic testing, including CT Scans, was prescribed pain medications, and was required to undergo chiropractic treatment. Furthermore, the aforesaid injuries exacerbated his pre-existing medical conditions. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental

8

pain and has been and will in the future be unable to participate in or limited in his participation in many activities in which he previously engaged.

24. As a further result of the reckless conduct and statutory violations of the Defendant, Clifford Olander, the Plaintiff was required to spend various sums of money for medical care, treatment, x-rays, CT scans, prescription medications, and devices necessitated by said injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

25. As a further result of the reckless conduct and statutory violations of the Defendant, Clifford Olander, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

26. As a further result of the reckless conduct and statutory violations of the Defendant, Clifford Olander, the Plaintiff's motor vehicle sustained severe damage all to his great loss and expense.

27. As a further result of said collision and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street • P.O. Drawer 1430 • New London, CT 06320 • Tel. (860) 442-0444 • Juris No. 102515

## THIRD CAUSE OF ACTION
## COMMON LAW RECKLESSNESS AS TO
## TARGET CORPORATION AND CLIFFORD OLANDER

28-31. Paragraphs Seven (7) through Ten (10) are incorporated and hereby made Paragraphs Twenty-eight (28) through Thirty-one (31) of this the Third Cause of Action as if more specifically set forth herein.

32.     Said collision and the resulting injuries and the damages of the Plaintiff were caused by the reckless and wanton conduct of the Defendant, Clifford Olander, in one or more of the following respects, in that he:

   a.   Deliberately, and with conscious disregard, operated his motor vehicle in an extremely dangerous manner and with utter disregard for other motorists and passengers upon the roadway, including the Plaintiff, when he crossed the center line of the roadway in an attempt to make a left turn and entered the path of oncoming traffic, including the Plaintiff, a motorist lawfully on the roadway, when he knew that crossing that center line could put him in a position where he might come into contact with other vehicles, and in particular, the Plaintiff's motor vehicle and cause severe injuries by doing so;

   b.   Operated a motor vehicle with conscious disregard for the safety of others, including the Plaintiff, by failing to stop said motor vehicle at an intersection and instead drove through said intersection and directly into the Plaintiff's motor vehicle after being distracted from his driving while operating a cellular telephone when he knew or should of known the danger that it posed to others, including the Plaintiff, yet ignored such danger;

10

    c.    Operated a motor vehicle with conscious disregard for the safety of others, including the Plaintiff, by operating said motor vehicle while typing, sending, and/or reading text messages on his cellular telephone causing him to become distracted and fail to stop said motor vehicle at an intersection when he knew or should have known of the risk and extreme danger said conducted posed to others including the Plaintiff; and

    d.    Operated said motor vehicle recklessly without regard to crossing traffic by accelerating at a high rate of speed through an intersection with conscious disregard for the safety of others when he knew of the location of said intersection and the advanced warning signs yet chose to proceed through said intersection at a high rate of speed.

33.    By operating his motor vehicle recklessly, the Defendant, Clifford Olander, chose a course of action which he knew or should have known posed a serious danger to the Plaintiff and others, and such conduct was a substantial factor in causing the collision and resulting injuries.

34.    As a direct result of the reckless conduct of the Defendant, Clifford Olander, the Plaintiff was severely injured in the resulting collision. The Plaintiff's injuries include, but are not limited to, injuries to his back, neck, right knee, left thigh and chest, as well as vertigo. The Plaintiff was caused to undergo an extensive course of medical treatment for his injuries including, but not limited to, diagnostic testing, including CT Scans, was prescribed pain medications, and was required to undergo chiropractic treatment. Furthermore, the aforesaid injuries exacerbated his pre-existing

11

medical conditions.  In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future.  In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the future be unable to participate in or limited in his participation in many activities in which he previously engaged.

35. As a further result of the reckless conduct of the Defendant, Clifford Olander, the Plaintiff was required to spend various sums of money for medical care, treatment, x-rays, CT scans, prescription medications, and devices necessitated by said injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

36. As a further result of the reckless conduct of the Defendant, Clifford Olander, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

37. As a further result of the reckless conduct of the Defendant, Clifford Olander, the Plaintiff's motor vehicle sustained severe damage all to his great loss and expense.

12

38. As a further result of said collision and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE AS TO TARGET CORPORATION

39-42. Paragraphs Seven (7) through Ten (10) are incorporated and hereby made Paragraphs Thirty-nine (39) through Forty-two (42) of this the Fourth Cause of Action as if more specifically set forth herein.

43. The aforesaid collision and resulting injuries were caused by the negligence, carelessness and statutory violations of the Defendant, Target, its agents, servants and/or employees, in one or more of the following respects, in that they:

    a. Assigned work duties to the Defendant Olander which would not allow him sufficient time to safely travel from one location to another;

    b. Failed to hire an adequate number of employees, agents and/or servants to safely complete required tasks and responsibilities in a reasonable timeframe thereby preventing the need for said employees, agents and/or servants, including the Defendant Olander, to rush from one task to another;

    c. Allowed Target employees, agents and/or servants, including the Defendant Olander, to operate motor vehicles without proper supervision;

    d. Allowed Target employees, agents and/or servants, including the

13

        Defendant Olander, to operate motor vehicles without proper instruction and training;

e.    Failed to adequately evaluate and screen Target employees, agents and/or servants, including the Defendant Olander, before permitting them to operate a motor vehicle;

f.    Failed to obtain and review driving records for Target employees, agents and/or servants, including the Defendant Olander, before permitting them to operate a motor vehicle; and

g.    Entrusted the Defendant Olander with a motor vehicle to operate while in the course of his employ with Target without first verifying and evaluating his ability to operate said motor vehicle safely.

44.    As a direct result of the negligence and carelessness of the Defendant, Target, the Plaintiff was severely injured in the resulting collision. The Plaintiff's injuries include, but are not limited to, injuries to his back, neck, right knee, left thigh and chest, as well as vertigo. The Plaintiff was caused to undergo an extensive course of medical treatment for his injuries including, but not limited to, diagnostic testing, including CT Scans, was prescribed pain medications, and was required to undergo chiropractic treatment. Furthermore, the aforesaid injuries exacerbated his pre-existing medical conditions. In all likelihood, the Plaintiff's injuries are permanent in nature and will require additional medical care in the future. In addition, he suffered and will in the future continue to suffer great physical and mental pain and has been and will in the

14

future be unable to participate in or limited in his participation in many activities in which he previously engaged.

45. As a further result of the negligence and carelessness of the Defendant, Target, the Plaintiff was required to spend various sums of money for medical care, treatment, x-rays, CT scans, prescription medications, and devices necessitated by said injuries and will be obliged to spend further additional sums in the future for like services, all to his loss and damage.

46. As a further result of the negligence and carelessness of the Defendant, Target, the Plaintiff suffers an increased risk of future harm in that he has a greater susceptibility to further injury from trauma which may occur in the future along with accompanying anxiety and fear concerning the future in that regard.

47. As a further result of the negligence and carelessness of the Defendant, Target, the Plaintiff's motor vehicle sustained severe damage all to his great loss and expense.

48. As a further result of said collision and the injuries resulting therefrom, the Plaintiff lost time from his employment and thereby suffered economic loss in the form of past and future lost wages.

15

**WHEREFORE**, the Plaintiff prays for relief against the Defendants as follows:

1. Compensatory damages of $1 million, in excess of the amount required for federal diversity jurisdiction, and in an amount to fully compensate the Plaintiff for all her injuries and damages, both past and present;

2. Special damages, in excess of the amount required for federal diversity jurisdiction and in an amount to fully compensate the Plaintiff for all of her injuries and damages, both past and present, including but not limited to, past and future medical expenses, costs for past and future rehabilitation and/or home health care, lost income, permanent disability, including permanent instability and loss of balance, pain and suffering, mental distress and loss of the ability to carry out all of life's activities;

3. Punitive damages;

4. Double and triple damages as allowed by law;

5. Attorneys' fees, expenses and costs of this action;

6. Pre-judgment and post-judgment interest in the maximum amount allowed by law; and,

7. Such further relief as the Court deems necessary, just and proper.

THE REARDON LAW FIRM, P.C.
Attorneys at Law
160 Hempstead Street ○ P.O. Drawer 1430 ○ New London, CT 06320 ○ Tel. (860) 442-0444 ○ Juris No. 102515

Plaintiff demands a trial by jury of all claims asserted in Her Complaint.

Dated:  October 23, 2012                                  Respectfully submitted,


By: /s/ Kelly E. Reardon (ct28441)
Kelly E. Reardon (ct28441)
THE REARDON LAW FIRM, P.C.
160 Hempstead St.
P.O. Drawer 1430
New London, CT  06320
Phone:  860-442-0444
Fax:  860-444-6445
Email:  kreardon@reardonlaw.com